ARSENIO MARTÍNEZ, Plaintiff and Appellant, *v.* INDEPENDENCE INDEMNITY Co., Defendant and Appellee.

No. 4033. Argued November 8, 1926.—Decided November 15, 1926.

*José Sabater* and *Rafael A. Saliva* for the appellant. *J. H. Brown* and *Clemente Ruiz Nazario* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appeal in this case was taken by the plaintiff on the 29th of May of this year and the transcript of the record prepared by the stenographer for the purpose of the appeal was approved by the judge on the 27th of August. Three days later a motion by the plaintiff to set aside the judgment

rendered against him was argued in the court below and in order to consider this motion the judge took to his home the record and also the transcript of the evidence approved by him. On the 20th of September the appellant presented to the clerk of the court below a copy of the judgment roll to be certified and sent up to the Supreme Court together with the transcript of the evidence. But he was unable to have it certified because the judge had the record in his house and the district court was being moved to another locality. The appellant had the said transcript signed by counsel on both sides on the 24th of September. On the 24th of September the Supreme Court extended until the 27th of October the time for the appellant to file herein a transcript of the evidence. On the 15th of October, before the expiration of the extension, he handed to the clerk a certified statement signed by counsel on both sides to be forwarded to this court together with a certified transcript of the evidence, and reminding him by letter that on the 29th (*sic*) of October the time would be up for the filing in the Supreme Court of the transcript of the evidence. The clerk was unable to forward the same until the 3rd of November owing to the fact that the judge kept until then the transcript of the evidence.

These facts show that Rule 59 of this court can not be applied in the present case in order to dismiss the appeal, because although between the bringing of the appeal and the filing of the transcript of the record more than 90 days had elapsed, nevertheless the appellant had acted in good faith and with diligence in perfecting his appeal, which has been delayed for causes beyond his control.

As to the second ground of the motion, though it is true that the dismissal of the appeal was applied for two days after the expiration of the extension granted the appellant for the filing of the appeal in this court and before such

filing took place, nevertheless we shall not deny the appeal because in consideration of the facts and in the furtherance of justice we shall use our discretion and allow the appeal to proceed.

Motion to dismiss is overruled.

Mr. Justice Hutchison took no part in the decision of this case.